UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ERIC TAYLOR                                    CIVIL ACTION NO. 15-cv-2688

VERSUS                                         JUDGE FOOTE

GARY LOFTIN, ET AL                             MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

This is one of 38 prisoner complaints that invokes the Reprieve Australia "Blackstrikes" report and seeks broad injunctive relief against current jury selection procedures in Caddo Parish, plus production of voluminous documents. The court has ruled in one of the cases that the claims lack merit. For the reasons that follow, it is recommended that this case also be dismissed.

**State Court Conviction**

Eric Taylor ("Plaintiff") does not identify his conviction, but it appears he may be the person who was convicted in Caddo Parish in State v. Eric Taylor, 666 So.2d 732 (La. App. 2d Cir. 1996) (unpublished). The appellate court opinion in that case indicates that Eric Taylor and several of his acquaintances entered the Circle K store at the corner of Olive Street and Line Avenue in Shreveport in January 1994 with the intent to steal beer. Someone ran out of the store carrying beer without paying for it. The store clerk ran outside, drew a pistol from a waistband holster and fired once, either at the thief or into the air. The thief got

away, and the clerk holstered his pistol and returned to the store to call 911. As he was using the telephone, Taylor and another man approached the counter. Taylor shot the clerk six times, which killed him.

As Taylor left the Circle K, he saw a police car and began running. The police managed to capture him and recover an object that he threw into some bushes. That object was found to be the murder weapon. Taylor had three cans of beer on his person. He claimed self-defense at trial and argued that he believed the clerk was about to shoot him. The clerk's weapon had been found in its holster at the back of the clerk's waist.

A Caddo Parish jury convicted Taylor of second-degree murder. Among his claims on direct appeal was a Batson challenge to the State's peremptory strike of one of the two black females struck by the State. The prospective juror said her husband's cousin worked for the Sheriff's Department, but she had some negative experiences with law enforcement. She said her home had been burglarized twice in six years, but the perpetrators were never caught. Her brother's truck had been stolen, and a car that belonged to her sister had been burglarized. (The opinion implies that those two crimes were also unsolved.) A person who shot her father about five years earlier was arrested but never charged with any crime. She also had a brother-in-law in jail for stealing. The appellate court reviewed these facts and, in a reasoned decision, affirmed the trial court's denial of the Batson challenge. The undersigned has not found any indication that this issue or any others were presented in a writ application to the Supreme Court of Louisiana, in a state post-conviction application, or in

a federal habeas corpus petition. Accordingly, it appears that the litigation related to the conviction ended after the January 1996 appellate decision.

**The Federal Proceedings**

Reprieve Australia, a civil rights organization, released its "Blackstrikes" report in August 2015. It reviewed the use of peremptory challenges in Caddo Parish between 2003 and 2012 and suggested that Caddo Parish prosecutors during that time were more than three times as likely to strike black as non-black prospective jurors.

Plaintiff, joined by 12 other prisoners, filed a "Motion for Preliminary Injunction and Protection Order Over All Records." The motion cites the report and asks for a preliminary injunction that orders the Caddo Parish Clerk of Court and District Attorney to provide all records related to jury selection, orders the defendants to stop purposefully excluding prospective black jurors on the basis of race, and orders a stop to an alleged racial coding system.

The court found that the several plaintiffs could not properly join in one action, so a separate civil action was opened for each of the prisoner/plaintiffs. Several other prisoners soon filed virtually identical motions, for a total of 38 such motions under separate case numbers. All of those cases were assigned to the same judge and magistrate judge for the sake of consistency and efficiency.

**Recommendation**

The undersigned reviewed the claims in detail in a Report and Recommendation in the lead case, <u>Wilbert Robertson v. Loftin</u>, 15-cv-2678.  The Report and Recommendation noted that the movants had disavowed any request for habeas relief, and there was no viable basis for a claim under 42 U.S.C. § 1983.  It explained that there was no actual case or controversy that would allow the prisoners to invoke the jurisdiction of the court to seek injunctive relief.  Finally, it explained why there was no basis to seek a writ of mandamus to state court officials that directs them to provide the prisoners with transcripts of their trial proceedings or other records.

Judge Foote adopted that recommendation and entered a final judgment that denied the request for injunction and dismissed the civil action without prejudice.  <u>Robertson v. Loftin</u>, 2016 WL 3919718 (W. D. La. 2016), recommendation adopted, 2016 WL 3920425 (W.D. La. 2016).  A copy of the Report and Recommendation and the Judgment from the <u>Robertson</u> case are attached.

There is no legal distinction between this case and <u>Robertson</u>, so denial of relief is also warranted in this case.  There is simply no legal basis for the sweeping injunctive relief that Plaintiff seeks.  This civil action should be dismissed without prejudice.

The undersigned ordinarily includes a recommendation in a habeas corpus case regarding whether a certificate of appealability ("COA") should issue.[1] The clerk of court initially designated this case a habeas proceeding, but prisoners in several of the identical cases have submitted filings in which they said that was a "clerical error," and the prisoners adamantly disavowed any request for habeas relief. Considering those filings, and that Plaintiff has not squarely requested habeas relief, it appear that this is not a habeas corpus proceeding. Accordingly, no recommendation is required regarding a COA.

Accordingly,

IT IS RECOMMENDED that Plaintiff's **Motion for Preliminary Injunction and Protection Order Over All Records (Doc. 1)** be **denied** and that this action be **dismissed without prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

---

[1] The COA requirement is set forth in 28 U.S.C. § 2253(c), F.R.A.P. 22(b), and Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts.

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of August, 2016.

                                          Mark L. Hornsby
                                        U.S. Magistrate Judge